IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ROBERT WEST,                        )
                                    )
            Plaintiff,              )
                                    )
vs.                                 )       Case No. 4:15-0443-CV-W-ODS-SSA
                                    )
CAROLYN COLVIN,                     )
Acting Commissioner of Social Security, )
                                    )
            Defendant.              )

ORDER AND OPINION AFFIRMING
COMMISSIONER'S FINAL DECISION DENYING BENEFITS

Pending is Plaintiff's appeal of the Commissioner of Social Security's final
decision denying his applications for disability insurance benefits and supplemental
security income. The Commissioner's decision is affirmed.


I. STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to a determination
whether the decision is "supported by substantial evidence on the record as a whole.
Substantial evidence is less than a preponderance but . . . enough that a reasonable
mind would find it adequate to support the conclusion." *Andrews v. Colvin*, 791 F.3d
923, 928 (8th Cir. 2015) (citations omitted). "As long as substantial evidence in the
record supports the Commissioner's decision, we may not reverse it because
substantial evidence exists in the record that would have supported a contrary outcome,
or because we would have decided the case differently." *Cline v. Colvin*, 771 F.3d
1098, 1102 (8th Cir. 2014) (citation omitted). Though advantageous to the
Commissioner, this standard also requires that the Court consider evidence that fairly
detracts from the final decision. *Anderson v. Astrue*, 696 F.3d 790, 793 (8th Cir. 2015)
(citation omitted). Substantial evidence means "more than a mere scintilla" of evidence;
rather, it is relevant evidence that a reasonable mind might accept as adequate to
support a conclusion. *Gragg v. Astrue*, 615 F.3d 932, 938 (8th Cir. 2010).

## II. BACKGROUND

Plaintiff was born in 1968 and has a high school diploma.  R. at 28, 137, 139.
Plaintiff filed for disability insurance benefits and supplemental security income in
February 2012, alleging he became disabled in November 2011.  R. at 137-44.  His
applications were denied.  R. at 82-83.  A hearing was held before an Administrative
Law Judge ("ALJ") in August 2013.  R. at 24-51.  Thereafter, the ALJ issued a decision
finding Plaintiff was not disabled.  R. at 11-19.

The ALJ determined Plaintiff has the following severe impairments:  bipolar/
depression, obesity, back pain, degenerative joint disease of the knees, torn ligaments
in the ankles and knee (status post surgeries), and foot pain.  R. at 13.  The ALJ
concluded Plaintiff had the residual functional capacity ("RFC") to perform light work as
defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), including the ability to lift, carry,
push and pull up to twenty pounds occasionally and ten pounds frequently; stand and/or
walk for a total of two hours in an eight-hour workday; and sit for six hours in an eight-
hour workday with normal breaks.  R. at 15.  Additionally, the ALJ found Plaintiff cannot
climb ladders, ropes, or scaffolds, and cannot crawl, kneel, or crouch, but all other
postural activities he can do occasionally. *Id.*  Plaintiff cannot work overhead on the left
side.  *Id.*  And due to his mental impairment, Plaintiff cannot work with the general public
and he can only have occasional interaction with coworkers.  *Id.*  Based upon this RFC
and the testimony of a Vocational Expert ("VE"), the ALJ found that Plaintiff was not
disabled, and could work as a wire wrapper, printed circuit board inspector, and
production checker.  R. at 18-19, 48.

## III. DISCUSSION

### A.

Plaintiff argues the ALJ erred in affording little weight to the opinions of Plaintiff's
treating psychiatrist (Dr. Albert Shaw) and treating physician (Dr. Doug McCune).  A
treating physician's opinion may be disregarded if it is unsupported by clinical or other
data or is contrary to the weight of the remaining evidence in the record.  *See e.g.,
Anderson v. Astrue*, 696 F.3d 790, 793-94 (8th Cir. 2012); *Pena v. Chater*, 76 F.3d 906,

908 (8th Cir. 1996). In addition, "[a] treating physician's own inconsistency may also undermine his opinion and diminish or eliminate the weight given his opinions," such as when he offers an opinion that is inconsistent with his contemporaneous treatment notes. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006).

The ALJ found that the opinions of Dr. McCune and Dr. Shaw were not supported by their treatment notes, the objective test findings of record, Plaintiff's successful surgeries, and Plaintiff's lack of follow-up treatment. R. at 17. The ALJ's finding is supported by substantial evidence in the record.

With regard to Dr. Shaw, the treatment notes reflect that Plaintiff was doing well, his mood was stable, and he did not have the severe limitations or poor prognosis set forth by Dr. Shaw in his Medical Source Statement. For example, Plaintiff reported that his mood was "pretty good" and the medication helped a lot (March 2012); he was "doing pretty good" and his mood and thought processes had "leveled out" (May 2012); he was "doing good" (June 2012); he felt he was "getting better" (October 2012); he was doing "really good" (January 2012); and his mood was "pretty good" (March 2013). R. at 286, 294, 431, 450, 471, 477. The ALJ did not err in affording little weight to Dr. Shaw's opinion.

Dr. McCune's opinion regarding Plaintiff's severe limitations is inconsistent with Plaintiff's successful surgeries, Dr. McCune's treatment notes, objective test findings, and Plaintiff's lack of follow-up treatment. Plaintiff's complaints of foot pain to Dr. McCune occurred before Plaintiff's surgeries on his feet. R. at 345-48, 390-93, 421, 482-92. Dr. McCune opined that Plaintiff could not stand or walk more than two hours in an eight-hour workday. Yet, Plaintiff did not seek additional treatment for his feet after surgeries, and the medical testing revealed that his feet had healed. R. at 14, 16-17. Further, with regard to his left knee pain, Plaintiff received injections in his left knee in early 2012, and as a result, he was pain free for two or three months; however, he only received one additional injection thereafter. R. at 14, 262-67, 411-12. And the medical testing revealed only osteoarthritic changes in his knee. R. at 503. For all of these reasons, the ALJ did not err in affording little weight to Dr. McCune's opinion.

B.

Plaintiff also contends the ALJ's RFC was not supported by substantial evidence. Doc. #7, at 20-23. However, there is no requirement that medical evidence precisely support each component of the RFC. While "a claimant's RFC is a medical question…in evaluating a claimant's RFC, an ALJ is not limited to considered medical evidence exclusively." *Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007). The ALJ must base the RFC on "all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations." *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). Further, the ALJ is not required to rely on opinion evidence in determining Plaintiff's RFC. *Martise v. Astrue*, 641 F.3d 909, 927 (8th Cir. 2011).

Here, the record contains substantial evidence to support the ALJ's RFC determination. The ALJ provided a detailed narrative describing Plaintiff's medical history as well as the nonmedical evidence in the record including Plaintiff's daily activities and an assessment of Plaintiff's credibility. R. at 13-19. Further, the ALJ thoroughly analyzed the medical opinion evidence of Record and explained why he assigned greater weight to certain opinions. *Id.*

The evidence in the Record was sufficient to support the ALJ's determination about Plaintiff's capabilities. The Court finds the ALJ properly formulated the RFC determination.

C.

Finally, Plaintiff maintains the ALJ erred in finding Plaintiff was not entirely credible. The familiar standard for analyzing a claimant's subjective complaints in the Eighth Circuit is set forth in *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984) (subsequent history omitted):

> While the claimant has the burden of proving that the disability results from a medically determinable physical or mental impairment, direct medical evidence of the cause and effect relationship between the impairment and the degree of claimant's subjective complaints need not be produced. The adjudicator may not disregard a claimant's subjective complaints solely because the objective medical evidence does not fully support them.

4

The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:

    1. The claimant's daily activities;
    2. the duration, frequency and intensity of the pain;
    3. precipitating and aggravating factors;
    4. dosage, effectiveness and side effects of medication;
    5. functional restrictions.

The adjudicator is not free to accept or reject the claimant's subjective complaints solely on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

Id. at 1322. The ALJ may also consider the claimant's work history and the absence of objective medical evidence to support the claimant's complaints. *Moore v. Astrue*, 572 F.3d 520, 524 (8th Cir. 2009) (citations omitted).

    Here, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely credible due to the objective medical evidence, medicinal management of his symptoms, and Plaintiff's daily activities. R. at 16-17. First, the ALJ found that Plaintiff's allegations of frequent or constant pain were not supported by the medical records. Plaintiff had not been treated frequently for pain. R. at 16. Plaintiff's right knee pain and foot pain had been resolved with surgery, as indicated by the lack of additional treatment for the right knee. R. at 16. Also, Plaintiff did not complain about significant problems with his feet during the hearing. R. at 16. Second, the ALJ found that although Plaintiff claims mental impairments, the medical records reveal his mood is stable with medications. R. at 17. Third, the ALJ found that Plaintiff's testimony regarding his daily activities differed from the function reports executed by Plaintiff and his mother. R. at 17.

    The ALJ properly considered the objective medical evidence, medicinal management of Plaintiff's symptoms, and Plaintiff's daily activities when the ALJ made a determination about Plaintiff's credibility. *See e.g.*, *Halverson v. Astrue*, 600 F.3d 922,

933 (8th Cir. 2010); *Moore*, 572 F.3d at 524-25.  Having considered the Record as a whole, the Court concludes there is substantial evidence to support the ALJ's credibility determination.

<u>IV.  CONCLUSION</u>

The Court concludes there is substantial evidence in the record as a whole to support the ALJ's decision, so the denial of benefits is affirmed.

IT IS SO ORDERED.

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
DATE: January 27, 2016                    UNITED STATES DISTRICT COURT

6